IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICK DAY,

                Plaintiff,              OPINION AND ORDER

     v.                                07-cv-507-bbc

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

---

In March 2006, plaintiff Patrick Day filed an application for Disability Insurance Benefits under sections 216(i) and 223 of the Social Security Act, codified at 42 U.S.C. §§ 416(i), 423(d). Plaintiff, a former equipment operator for a road-paving company, alleged that he was no longer able to work because of permanent right lower leg pain and swelling as a result of nerve damage sustained during surgery. After his claim was denied by defendant Michael J. Astrue, Commissioner of Social Security, plaintiff brought this action for judicial review under 42 U.S.C. § 405(g). On June 12, 2008, this court entered an opinion and judgment affirming the commissioner's decision. On April 28, 2009, however, the United States Court of Appeals for the Seventh Circuit entered an order vacating that judgment, instructing that the case be remanded to the agency for further proceedings. Day v. Astrue, 2009 WL 1137726 (7th Cir. Apr. 28, 2009) (unpublished slip opinion).

Plaintiff has now filed a motion to recover attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Defendant disputes both the amount of the fees sought and the characterization of his position as unjustified. For the reasons explained below, I find that defendant's position was unjustified. Accordingly, I will grant plaintiff's application for attorney fees and costs, as amended in his reply, in the amount of $14,966.

FACTS

The facts of this case are set forth in the previous opinions of this court and the court of appeals and will not be restated fully here. In its order reversing and remanding the commissioner's decision, the court of appeals found that the administrative law judge had committed two errors: 1) he failed to give the appropriate weight to all of plaintiff's treating sources, which included physicians Dr. Jarvis and Dr. DeLong and nurse Kandi Ryan; and 2) he placed undue weight on Day's household and other activities in finding his testimony not credible. Day, 2009 WL 1137726, *1. With respect to the medical opinions, Dr. Jarvis had stated in July 2006 that plaintiff's pain left him unable to tolerate any sustained activity, including sitting, for more than an hour at a time, to lift more than five pounds and then only infrequently, or to work more than four hours a day. The administrative law judge rejected this opinion on the grounds that there was no apparent connection between plaintiff's lower leg pain and his inability to lift more than five pounds and because he thought Jarvis's restrictive opinion of plaintiff's abilities was inconsistent with his earlier

opinions and those of other doctors. In defense of the administrative law judge's decision, the commissioner pointed to a number of medical opinions as support for the decision to reject Jarvis's later, more restrictive opinion. These included Jarvis's May 2006 opinion that plaintiff should seek vocational retraining for a sedentary job and nurse Janet Kunz's opinion that plaintiff could advance "as tolerated" from four to eight hours of work daily,

The court of appeals found that the administrative law judge had failed to cite good reasons for rejecting Dr. Jarvis's July 2006 opinion. First, it noted that the administrative law judge had never considered whether Dr. Jarvis's opinions were supported by medically accepted clinical and laboratory diagnostic techniques, as required by the Social Security regulations. Id. at *5 (citing 20 C.F.R § 404.1527(d)(2)). The court found it "nonsensical" for the administrative law judge to have rejected Jarvis's opinion because the judge could not understand the connection between Day's pain and his inability to lift, pointing out that "an ALJ is required to further develop the record if he cannot understand the evidence." Id. The court also failed to see any inconsistency between Jarvis's July 2006 opinion and those he had offered earlier, noting that any suggestion that plaintiff could return to full time, sedentary employment was made before Jarvis knew that plaintiff had sustained permanent nerve damage and that all of Jarvis's opinions were qualified depending on the degree to which plaintiff's pain control progressed, which Jarvis later made clear had not occurred to his liking. Id. Further, the administrative law judge had failed to acknowledge that when

3

Nurse Kunz had indicated that plaintiff could perform sedentary work, she also said that plaintiff could work only four hours a day with hourly brief breaks for change of position.

Second, the court found that even assuming the administrative law judge had offered "good reasons" for rejecting Dr. Jarvis's opinion, he had erred by failing to consider the "checklist of factors required by the Social Security regulations in order to determine the appropriate weigh [sic] to give Dr. Jarvis's opinion." Id. at *6. The court noted that although the administrative law judge had been "right to point out several hopeful remarks concerning Day's ability to perform sedentary work . . . not once did he point out the qualifications to these remarks, or explain why any of those observations deserved greater weight than the opinions of Dr. Jarvis, Dr. DeLong, Nurse Ryan, or Nurse Kunz." Id. As for DeLong and Ryan, the administrative law judge had never offered any explanation why he refused to give those opinions (which were supportive of disability) any weight. Id. The court summed up:

> By discounting the medical opinions of Dr. Jarvis without applying the correct legal standards, refusing to credit the opinions of Dr. DeLong and Nurse Ryan without explanation, and omitting a crucial qualification to Nurse Kunz's opinion, the ALJ failed to follow the relevant Social Security regulations and to support its decision with substantial evidence.

Id.

The court of appeals found also that the administrative law judge erred when he found plaintiff's claim of total disability incredible because plaintiff could do housework, attend movies, walk five blocks, sit for 45 minutes, stand for about 25 minutes and was

4

looking for a job. Id. In the appellate court's view, the administrative law judge's "vague, literalistic" credibility finding had placed "undue weight" on plaintiff's daily activities in assessing his ability to work full time and had not accounted for plaintiff's testimony that he could barely walk five blocks and that his two young boys helped him with housework. Id. In addition, the court noted, the perceived gap between plaintiff's testimony and the medical evidence "would have vanished had there been a proper consideration of the treating physicians' medical opinions." Id.

OPINION

A. Entitlement to Attorney Fees

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). To satisfy the substantial justification standard, the government must show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. United States v. Hallmark Construction Co., 200 F.3d 1076, 1080 (7th Cir. 2000). Put another way, "[t]he test for substantial justification is whether the agency had a rational ground for thinking it had a rational

ground for its action." Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994). The commissioner can meet his burden if there was a "genuine dispute," or if reasonable people could differ as to the propriety of the contested action. Pierce v. Underwood, 487 U.S. 552, 565 (1988).

When considering whether the government's position was substantially justified, the court must consider not only the government's position during litigation but also its position with respect to the original government action which gave rise to the litigation. 28 U.S.C. § 2412(d)(1)(B) (conduct at administrative level relevant to determination of substantial justification); Gotches v. Heckler, 782 F.2d 765, 767 (7th Cir. 1986). A decision by an administrative law judge constitutes part of the agency's pre-litigation conduct. Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004). EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified. 28 U.S.C. § 2412(d)(2)(D); Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009). However, the district court is to "make only one determination for the entire civil action." Golembiewski, 382 F.3d at 724 (citation omitted); see also Jackson v. Chater, 94 F.3d 274, 278 (7th Cir. 1996) (Equal Access to Justice Act requires single substantial justification determination that "simultaneously encompasses and accommodates the entire civil action").

The government argues that it was reasonable for the administrative law judge to reject Jarvis's opinion for the reasons he did and for the commissioner to defend those reasons on appeal. It repeats its contention that there were other medical sources in the

6

record who agreed that plaintiff could perform sedentary work.  In addition, it argues, there was no clear holding in the Seventh Circuit that required the administrative law judge to discuss each of the factors listed in 20 C.F.R. § 404.1527(d)(2).  With respect to the credibility issue, the government points out that when a case is remanded simply because the administrative law judge did not articulate his reasoning, it is not an abuse of discretion for the court to deny plaintiff's request for fees.  Cunningham v. Barnhart, 440 F.3d 862, 864 (7th Cir. 2006).

      The government's arguments are not persuasive.  It is plain from the court of appeals' decision that it did not see this as a close case, going so far as describing some of the administrative law judge's reasoning as "nonsensical" and finding that he had overlooked a "vital" qualification to Kunz's opinion.  Not only was the administrative law judge's reasoning flawed, but he also failed to follow the regulations concerning the weighing of competing medical opinions.  Although it may be true that an explicit discussion of each of the § 404.1527(d)(2) factors has not always been required, the point the appellate court appeared to be making was that it was unclear whether the administrative law judge had even considered the factors.  As the court pointed out, the administrative law judge did not provide any reason at all for rejecting the reports of Dr. DeLong and Nurse Ryan, who also supported plaintiff's claim.  Finally, with respect to the credibility issue, the court of appeals did not merely find an "articulation error;" rather, it found that the administrative law judge had contravened Seventh Circuit precedent by placing undue weight on plaintiff's daily

7

activities in evaluating his ability to work and had not considered important limitations on those activities. Given the number and nature of the errors identified by the court of appeals, I am satisfied that neither the government's pre-litigation nor its litigation conduct was substantially justified.

### B. Reasonableness of Fees

In INS v. Jean, 496 U.S. 154, 161 (1990), the Supreme Court held that the district court's task of determining what fee is reasonable under the Equal Access to Justice Act is essentially the same as that described in Hensley v. Eckerhart, 461 U.S. 424 (1983). Under Hensley, the starting point for determining a reasonable fee is to multiply the number of hours reasonably expended by a reasonable hourly rate. Hensley, 461 U.S. at 433. The court should exclude from this initial fee calculation hours that were not "reasonably expended," such as those that are excessive, redundant or otherwise unnecessary, considering factors such as the novelty and difficulty of the questions, the skill required to perform the legal service properly, the customary fee and other factors. Id. at 434 n.9. Whether the hours would be properly billed to a client guides the inquiry. Id. at 434.

Plaintiff seeks compensation for 4.5 hours spent by his lawyers, Fred Daley and Marcie Goldbloom in 2007 at the rate of $165 an hour; 27.05 hours spent by Daley and Goldbloom in 2008 and 2009 at the rate of $170 an hour; and 77 hours spent in 2008 and 2009 by Suzanne Blaz, a law clerk who holds a law degree, at the rate of $125 an hour.

(These figures account for reductions plaintiff agreed to make in response to the government's objections and for additional time incurred in filing his brief in reply to defendant's opposition to the EAJA petition.) Plaintiff's time log shows that Blaz prepared the briefs in this court and the court of appeals and that Daley and Goldbloom reviewed and edited them. Goldbloom also made the oral argument before the court of appeals.

Defendant does not contest the hourly rates plaintiff requests for his attorneys, which were calculated by applying cost of living adjustments to the $125 statutory hourly rate. Defendant contends, however, that plaintiff's proposed $125 rate for the work performed by Blaz is too high. Although defendant recognizes that the use of law clerks can be an effective money-saving measure notwithstanding their lack of experience and commensurate reduced efficiency, defendant argues that the savings are lost in this case because the rate proposed for Blaz is not significantly less than the rates for full-fledged attorneys.

Under the Equal Access to Justice Act, a prevailing plaintiff may obtain "reasonable attorney fees . . . based upon prevailing market rates for the kind and quality of the services furnished" not to exceed "$125.00 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Paralegal and law clerk rates are not set out in the statute. A district court should calculate this reasonable hourly rate "according to the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). Generally, the relevant community is one in which the district court sits. Davis v. Mason County, 927 F.2d 1473,

1488 (9th Cir. 1991); Polk v. New York State Dep't. of Correctional Services, 722 F.2d 23, 25 (2d Cir. 1983); Avalon Cinema Corp. v. Thompson, 689 F.2d 137, 140 (8th Cir. 1982).

Plaintiff has not submitted evidence of prevailing market rates for law clerks in Wisconsin. However, he has submitted a survey completed by the National Association of Legal Assistants, which shows that in 2004, legal assistants had a billing rate of $95 in the Great Lakes region. Dkt. #23, exh. F. In addition, he points out that in 2006, this court approved a rate of $100 for Blaz's time. Smith v. Barnhart, 05-cv-026-bbc, Op. and Order, Aug. 24, 2006, dkt. #29; Seamon v. Barnhart, 05-cv-13-bbc, Op. and Order, Feb. 23, 2006, dkt. #18.

I am persuaded that in light of the passage of time, Blaz's having obtained a law degree and the high quality of services she provided in this case, it is reasonable to award her compensation at the rate of $125. In fact, it is not clear why plaintiff is not seeking compensation for Blaz at the attorney rate; I surmise that Blaz may not yet be admitted to the bar. In any case, Blaz's having obtained a law degree, combined with her experience as a paralegal at the Daley firm since 2001, justifies compensating her at rate higher than that of an ordinary legal assistant or law clerk. Plaintiff's time log indicates that Blaz worked efficiently and did not spend an extraordinary amount of time on the briefs: hours drafting and revising the initial brief; 5 hours on the reply brief; 27.2 hours on the opening appellate brief; and 17.6 hours on the appellate reply brief. Although the briefs underwent some revisions by more experienced counsel, it does not appear from the time spent that those

revisions were extensive. And of course, Blaz and the other lawyers at the Daley firm obtained excellent results for plaintiff. Even at the rate of $125, Blaz's work on this case resulted in an overall savings to the government. Finally, defendant conceded in a recent case that a rate of $125 for Blaz's services is reasonable. Hemminger v. Astrue, 08-cv-186-bbc, Op. and Order, June 26, 2009, dkt. #19.

Having reviewed the attorneys' time log, overall I am satisfied that the amount of fees requested by plaintiff in this case is reasonable. Further, apart from the line items that plaintiff has agreed to deduct from his fee request, defendant has raised no other specific objections. Accordingly, plaintiff will be awarded attorney fees in the amount of $14,966, reflecting 4.5 hours at the rate of $165; 27.05 hours at the rate of $170; and 77 hours at the rate of $125. (In his reply brief, plaintiff represented that this amount totaled $15,022.25, but this number appears to be incorrect.)

ORDER

IT IS ORDERED that the petition of plaintiff Patrick Day for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, is GRANTED. Plaintiff is awarded attorney fees in the amount of $14,966, payable to plaintiff's attorney, Frederick J. Daley, Jr.

Entered this 5th day of November, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge